May it please the Court, I am Stephen Cain. I represent the Appellant MB Financial Group. Since the core issue is postal immunity, with the Court's permission I will address that issue first. The standard of review of a dismissal under Rule 12b-6 is de novo review. We believe that we can show not only that the judgment of the District Court should be reversed based on de novo review, but that the judgment was clearly erroneous. The District Court's ruling that the claim is barred by postal immunity is erroneous on its face. The Supreme Court concluded its opinion in Dolan by stating that the proper objective of a court attempting to construe one of the subsections of 28 U.S.C. section 2680 is to identify those circumstances which are within the words and reason of the exception, no less and no more. And that was based on the COSAC case. This is the test before the Court in the present case. In this case, the ruling is based on the Court's explicit finding that, quote, the acts in question are subject to section 2680B because they relate to the transmission of mail. However, the finding misquotes the act since section 2680 actually provides immunity against, quote, any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter. Why doesn't this fall, though, within a claim that the mail simply didn't get delivered? As I understand the problem here, your client didn't get the letters that contained the business leads that your client says damaged him to the tune of almost $300,000 in lost business. That's true, Your Honor. That was the damage that was suffered. Right. As a consequence of the fact that he didn't get his mail. And I'm having a hard time, given the expressed language in the Supreme Court case that talks about lost mail, squaring why the immunity doesn't apply in this case, at least under a tort theory for mail that doesn't get delivered. This is the core issue, Your Honor. And the answer is that there is really a two-part analysis in these postal immunity cases. The first analysis, the first question is, did the damage arise out of the transmission of mail? That is the first issue. But it's a consequence of the fact that the mail wasn't delivered, isn't it? It's consequential damages. I didn't get the response from my customer, which was contained in the letter. And if I'd received it, I would have followed up on it. The customer would have procured a mortgage from me, and I would have made a commission off of it. And because all this mail didn't get to me, I lost $300,000 worth of business. That is the consequence, but it is not the causative element. The causative element is the negligence in the failure to credit the payment for the postal box. Well, that may be a breach of contract action, and we can talk about that in a minute with regard to the rental of the box. But I want to focus first on your tort claim, because I'm really having a hard time understanding why this doesn't fall squarely within 2680B. Are you telling me that Congress, when it reorganized the Postal Service and enacted the immunity or changed the language somewhat, allows now the Postal Service to be sued for damages that flow from the non-delivery of mail? Because that could open the post office up to enormous potential liabilities. But the damages do not flow from the failure to deliver mail. We do not know what happened to the mail. The mail, so far as the – am I correct that this is a 12B6? This was dismissed on the pleadings? Yes, Your Honor. Okay. It's a 12B6 motion. So, so far as the pleadings are concerned, is it your position that the mail got to the right address? We don't allege that it did not. We make no allegation that the mail did not get to the Hillcrest Post Office. I mean, it's consistent with the allegations of the complaint that the mail got to the Hillcrest Post Office and they got to the right box. Absolutely, Your Honor. Okay. But the box was – had not been renewed because the check was credited to the wrong place. That is correct, Your Honor. And, of course, that was admitted by the court. So they just didn't open the box and put it in? That is correct. And then that – so the question becomes not opening the box and putting it in, is that delivery of mail within the scope of that immunity? Is that essential? The damage flowed from the failure to provide the box to the customer. And I believe that the most important argument here is the argument of institutional policy, and I think it addresses your question, Justice Tallman. The question really is what did Congress intend to be the extent of the immunity? And I think it is clear that Congress did not intend that immunity to extend to the proprietary business conducted by the Postal Service apart from the actual process of transmitting and delivering mail. The Postal Service engages in many, many different businesses which are peripheral to the delivery of mail. I can understand that argument with regard to the claim in connection with the breach of contract on the box. That makes perfect sense to me. But I'm really having – I'm struggling with the notion that on your tort claim, what you really have here is a claim that I was damaged because I didn't get my mail. Well, I think, again, it's a two-step analysis, Your Honor. I think the Dolan case never had to deal with the first step because it was clear that the act of placing a box on a porch involves the delivery of mail. In this case, the court must look at the first step, which is does the harm arise out of the transmission of mail? The – there are – am I correct? There are private facilities where mail from the U.S. Postal Service is delivered to private boxes, aren't there? Absolutely, Your Honor. UPS, there's a company called, I believe, Mailboxes, et cetera. There's numerous private mail facilities where persons can rent a box. And it's very significant that the Postal Service essentially is in competition with those facilities and derives funds from renting boxes at post offices. Right. What would your tort be if this were a private mailbox, Mailboxes or us or something? I think it would be very similar to what we've alleged against the government in this case. It would be negligence, the negligent failure to do something which a person has a duty to do. And I think it's not a personal injury. No, it is not, Your Honor. It's a financial injury arising from the failure to receive the mail. And, of course, many – What tort is that, if you're looking to the restatement of tort? I think it is negligence. I think the acts in this case were both negligent and a breach of contract. But wouldn't your – to answer Judge Schroeder's question, wouldn't your answer to her hypothetical be, if Mailboxes, et cetera, received the bulk delivery at whatever their street address is but didn't put it in my post office box that was addressed to me, I would have a tort claim against Mailboxes, et cetera, for not delivering my mail to my box? Well, you would have a claim against Mailboxes, et cetera, for negligence because they negligently failed to credit the payment and possibly for breach of contract, depending on what the contract was. That is a breach of contract action, isn't it? Yes, it is. Okay. So let's talk about Judge Schroeder's question. The tort is the harder question here. If Mailboxes, et cetera, simply didn't put my mail in the box, even though the post office delivered it to their street address, wouldn't my claim against them be a tort action for failing to deliver the mail to my box? It would be a tort action for negligence and the act. Negligent is the duty is that you have a duty to put the mail in my box once the post office receives it or delivers it in bulk to your street address, and you didn't do that, and for breach of that duty, you're liable in tort. That has to be the answer to her question, isn't it? Well, it would be negligence and a breach of contract. Well, that's Dolan. If you put it in the wrong place, didn't put it in the right place. Yes, that's correct. And the consequences of it being in the wrong place are different, but it is the same. Yes. Well, let me ask a practical question on the tort versus contract. Aren't your damages the same? I mean, aren't they redundant? The damages are the same. So why do you have to have both tort and contract claims in this case? Well, Your Honor, it's extremely common to plead in the alternative, and I think lawyers do that in order to be sure that they plead as many different claims as they can. Since this is such an interesting case, in the contract claim, how would you get all those $300,000 in damages? All you paid was $50 for the box. Unless there was a disclaimer or an exculpatory clause in the contract, you'd be entitled to all of the damages which were foreseeably. Foreseeable, yeah. And we don't have the contract, do we? We don't have the contract, so we don't. It's not. Actually, all we have is an allegation that there was one. We don't know the terms of it, do we? Your Honor, we do not believe that there actually was a written contract executed by the parties or that Mr. Badrach, on behalf of MB, actually signed any kind of an agreement, which raises the interesting point that the government could have had such a contract and it could have contained some type of exculpatory clause in this type of liability. Has there been any discovery in the case? There has been none, Your Honor. We didn't get to that phase of the case. So depending on what the terms of that contract are, if there was some sort of a disclaimer or exculpatory clause, you might be limited to something as small on your breach of contract claim as the refund of your $50 or some pro rata share of it. That could be, Your Honor. We've done some investigation to try to determine if there was some kind of form agreement. We haven't been able to discover it without formal discovery in the case. I just have to go back to Judge Schroeder's question. Okay. So traditional negligence, torts, torts of negligence are, okay. So can you give me the elements of this particular negligence claim? Yes, Your Honor. Okay. What are the elements? There was a duty established upon the Postal Service to maintain a box to receive mail for the plaintiff in this case, the appellant. And that duty was breached negligently by failing to record the payment so that the box became closed. And in addition. And your client was injured because. Because he did not receive return cards on his marketing project, which constituted his only source of business for his business. And so what we really come down to is was the negligent failure to credit the payment and the proximate cause of the damages that your client suffered. I think the facts as pled indicate that, which of course the Court has to take as being true for the purpose of the 12B6 motion. But we believe the facts will show that. The evidence will show that. Yes. Okay.  Thank you, Your Honor. Thank you. You have about eight minutes left for rebuttal. Good morning, Your Honors. May it please the Court. In enacting the Postal Matter Exception, Congress very clearly stated its intent to immunize the Postal Service from any claim arising out of the loss, miscarriage, or negligent transmission of mail. The Supreme Court clarified the scope of that exception in Dolan. And I've read Dolan a number of times, Your Honor, and I don't see anywhere where they talk about a two-part test. Rather, in order to determine whether that particular exception applies, the Court made very clear that what you do is you look at the injuries that arise as a result of the plaintiff's claim. And if those injuries result from consequential damages related to the failure to deliver mail, your claim is barred by 2680B. Here, the allegation, and we are kind of stuck with looking at the complaint, right, which is I personally disfavor. He's 12B6. We don't know what's going on, really. But the allegation is that he did not receive back cards, not because of the failure to deliver the mail, but because of the failure to credit the payment. And the failure to credit the payment seems to be part of the normal commercial transactions that mailbox, et cetera, or any of these private entities would be doing, too. It seems to fall more into the sort of commercial ongoing business nature of what the post office is doing, not its, you know, lofty duties on behalf of the United States to, you know, Rain and sleep. Get the mail to your house, you know. Well, there are two things in response to that question, Your Honor. First of all, I just wanted to clarify that the motion to dismiss was granted both under 12B1 and 12B6. Well, she said jurisdiction because, right. Right, because it implicates an issue of immunity. So I just wanted to clarify that. Still, with respect to the allegations in the complaint, right? That's correct. But I just wanted to clarify that. Okay. There's always, Your Honor, when you're dealing with the issue of mail delivery and somebody fails to get them, there's always going to be an underlying act of negligence. For example, if this case had been the plaintiff handed a piece of mail to a clerk and that clerk in receiving it dropped the piece of mail in the trash by accident, that's an underlying act of negligence. But that, see, this is another interesting aspect of the Dolan case. That sort of negligence that the Supreme Court pointed out can be the individual consumer of the post office services can protect themselves against that by getting insurance, having certified mail, there's all sorts of things. And the Supreme Court goes on and on, which is why that kind of negligence should be exempted from the waiver of sovereign immunity. I don't think that's correct, Your Honor. I think what the Dolan court focused on is the injury. I think I could show you exactly where they discussed that. I'm sorry, Your Honor. I think I could show you exactly where the Supreme Court talked about that. Well, and I think, Your Honor, in that case, you're talking more about whether a plaintiff can proceed under a contract theory as opposed to. Well, I'm not sure we even get to that here. Do you agree that there are lots of people out there who are running private mailboxes? Yes. And then the mail, the mail, the post office delivers to those places. Yes, that's correct, Your Honor. And if they don't put the mail in the right box, they are going to be liable for something. Well, I can't speak. A private actor would be. Well, I can't speak, Your Honor, to what sort of contract is entered into. No, I'm not asking for that, but they're liable for something. I guess the extent of liability in this case would be the possible refund of the. No, no, I'm just. No, that wasn't the question. The question was with a mailbox operator, the private party doing the same thing that the post office is doing here, they would be liable. It's certainly possible, but I don't know what, you know, in what context these private organizations provide a mailbox. It's possible. Certainly, Your Honor. Certainly. Assuming that they didn't have, like FedEx and all the others do, a specific disclaimer that says if we lose your package, we're only going to pay up to $50. No, but this isn't the FedEx. This is the mailboxes are us, private person. That's what we're talking about here. And the mail, the United States mail delivers to those places, don't they? I'm just trying to make sure I understand. Yes, certainly, Your Honor. The Postal Service can deliver to these private boxes. Mailboxes Plus or something like that. Correct. And so you, if the mail didn't get to the right street address for Mailboxes Plus, the post office wouldn't be liable. No. Because that's what the whole. That's correct, Your Honor. And in Dolan, doesn't the Court make it pretty clear that they want, that the Federal Tort Claims Act itself was intended to make the government liable in the same fashion as private actors would be under state law? Well, not under, it would be a claim under, well, it depends. Well, you apply state law, yeah. Yeah, for tort, that's correct. Yeah, for tort. Yeah. And didn't the Court in Dolan say that the big offender when the Tort Claims Act was passed were trucks? Well, certainly in the Postal Service's case, yeah. Yeah. And so what they wanted to do was to make the post office liable for negligent driving of trucks. Correct. But not for the failing to get the mail to the right address. Right. That's correct, Your Honor. That's an interesting example because if, I mean, to follow it through, if the post office truck gets in a car accident, none of that mail is going to be delivered. But the post office is still liable for the negligence and the injuries it causes from running into another car. And that's the distinction, I think, Your Honor, that the Court in Dolan makes. If that, working under that hypothetical, if a mail truck gets in an accident as a result of the negligence of the driver of the truck, and let's say all of the mail within the truck incinerates, the Postal Service would be liable to any accident that was caused by the driver. Let's say another driver was hit, whatever it is. But what they can't be held liable for, and Congress makes this very clear in enacting 2680B, is any consequential damages or injury resulting from the fact that the mail incinerated in the truck. Right. And so that's what makes Dolan interesting, because in Dolan it had to do with the actual delivery of the mail at the address, didn't it? And the question, they put it in a dangerous place. They didn't do it right. And the Court said, well, this is not the transmission of the mail. This is plain old tort negligence that the Post Office ought to be liable for. Now, why isn't our case closer to that than the incinerated mail that never gets to the Post? I think for a couple of reasons, Your Honor, the main one being, and I know plaintiff has clearly focused on the negligence transmission portion of the exception, but the exception actually states lost, misdelivered, or negligently transmitted mail. What we have here is really a claim for lost or misdelivered mail, because what plaintiff's claim ultimately is, the injury is, he didn't receive his mail. And so we don't even really need to go to the negligence transmission portion of the exception that Dolan was assigned. The reason he didn't receive his mail is because the Post Office sets itself out as a private delivery box. It has to do with the boxes that it sells in regular, normal, commercial transactions. And the mail got to Hillcrest. It just didn't get in the box because the box was closed, and it was closed due to the negligence of the Post Office employee. That's correct. And as I said, Your Honor, whenever somebody doesn't receive their mail, there's likely to be some sort of underlying tort. But this isn't that similar. They're not analogous situations, because this is the Post Office acting in the normal course of commerce and business relations, not in its delivery capacity. Well, the one thing, and I've kind of been sidetracked a couple times on this, but the one thing I did want to clarify. That's our job. I know. Keep at it. When the Congress is very clearly divided, and in fact just recently kind of clarified that the, you know, when the Postal Service, and there's a new law passed at the end of 2007, that kind of further clarified when the Postal Service is acting in regards to a competitive product, like, for example, it's express mail that competes with FedEx and UPS, and when it's dealing with a, quote, unquote, market-dominant product, which is more related to its government function. And in this particular case, P.O. Box is false squarely within the government side of its house, because as the district court held, the sole purpose of a P.O. Box is to receive mail. Now, certainly it has competitors for that. Yeah, I just am not sure that that's, you can say that on a 12B6 level and say, well, this is, what is the nature of a Post Office Box? Because we just agreed that there are lots of people out there who make a lot of money providing services for people who want Post Office Boxes. You can, Your Honor, if it implicates an issue of the government's immunity, which I think this case does when we're talking about 2680B. Well, can I go back to Dolan? I mean, it seems to me that the problem, Dolan is more like the collision at the intersection with the postal truck. The mail that was left on the porch of Mrs. Dolan was a trip and fall hazard. I mean, that's the traditional slip and fall type tort action. It didn't have anything to do with misdelivery of the mail. The mail got to Mrs. Dolan's front porch. Apparently the box was too big to stick through the slot in the door or put in her mailbox, but that became the hazard. So in that respect, I think it is more like running into the mail truck at the intersection. Well, I think the distinction that can be made under that particular scenario in Dolan, for example, is that the package that was left at the doorstep, if the plaintiff in that case had stepped on the box and crushed whatever was inside, let's say there was something valuable in there, that was destroyed, and then fell over the box and hurt herself. She can recover for the fact that she fell. What she can't recover for is the damage done to the package itself, because that goes to the injury, which is what the court in Dolan was looking at, the nature of the injury. The nature of the injury is something related to the actual mail. Then 2680B says you can't recover. If it's related to the slip and fall, the car accident, whatever it is, you can recover, and that's where the court drew the line in Dolan as to where recovery can and can't be had. So if I was in the mortgage broker business and the mail truck got hit in the intersection and incinerated all my business leads, would I have a cause of action against the post office? No, you certainly wouldn't, Your Honor, under both 2680B and its interpretation in Dolan. And in fact, the court noted in talking about illustrative instances of the exceptions operation, one of the examples it uses is personal and financial harms arising from the non-delivery, late delivery of mail. And one of the even sub-examples that it gave is information-related medicines or mortgage foreclosure notices. Now, obviously this isn't mortgage foreclosure, but it's related in the same way that those examples were, related to consequential damages and injury resulting from the fact that mail simply didn't get there. Do you agree with the district court that the contract claim should have been dismissed because it's just a mirror image? I mean, just assuming for a moment that there can't be a tort claim, that it's just a mirror that's just the same as the tort claim and therefore they don't have any claim at all for breach of contract? I do, Your Honor, and here's why. If plaintiff's theory was accepted under a contract theory, you could always get around 2680B in the tort context by simply pleading as a contract. When a postal customer pays for a service, he's always paying, he's always giving money to the postal service to send his mail, to, in this case, open a post office. But the post office sent a letter and said we didn't keep our records right. And it also... That had nothing to do with the delivery of the mail. It acknowledged that it hadn't performed, done what it was supposed to do. Now, why should it get off scot-free? Because there's no tort that would cover that. Because, Your Honor, if that were the case, you'd have an exception that swallows the rule. That's a landlord-tenant problem, isn't it? Well, what... At least. Well, I'm not sure how, I'm not sure why it's a landlord-tenant problem. They rented a space. Correct, Your Honor. And they didn't let them in. But it's related solely to mail services. And that's the distinction here. The post office box is related solely to mail services. And in that context, we have to look at 2680B regardless of how the claim is pled. If, for example, a contract claim or whatever we want to call it were allowed, let's say a customer hands a piece of mail and pays for postage. And, you know, for some reason, obviously if that's lost, it's barred by 2680B in the tort context. But if a plaintiff could then bring a claim that says, well, I'm not bringing a claim in tort, I'm bringing it in contract, because I paid you 41 cents to make sure this letter got there, then you'd effectively swallow the exception provided by 2680B. So the post office is not liable if I go in and give you $50 to rent a box and you deny me access to my box? I think, Your Honor, what the Postal Service is liable for and its regulations provide for this, although not necessarily providing a cause of action in federal court, is that there's a mechanism that the plaintiff didn't avail himself of here, that he could have recovered the fee if he wanted to, but he didn't do that in this case. But that's an administrative claim. And then the question is, suppose the post office, notwithstanding its regulations, denies the refund of the $50 for totally irrational reasons. Wouldn't he then have, I don't know what it would be, a little tucker act claim? Well, it wouldn't be a little tucker act because of the nature of the damages. He's asking for over $10,000. So if that were the case of that claim. Well, no, no, no. Assuming that the post office is not liable for consequential, wouldn't he still have a claim against the post office for breach of the contract to lease him the box? I wouldn't call, Your Honor, a breach of contract claim. There's an area of law and there's a line of cases that deals more with a quasi-contractual claim where if the postal service, like in your example, completely messes up under its own regulations, let's say here, he'd ask for a refund and the postal service wouldn't have given it to him. There's certainly a line of cases that suggest that he has a quasi-contractual, you know, type of claim in which he could recover his $50. But certainly, both because of the nature of the claim. Well, you're assuming an awful lot when we haven't even seen the post office's records to see what they show as to what the nature of the relationship was. Well, Your Honor, I can tell you that the reason there's no contract that's been presented here is because all that's happened is you're paying for services. I don't know that. Well. I don't know that he didn't sign anything. I mean, I can't take judicial notice of that. I just have to go back to that point I made earlier because the Supreme Court said, Now, let me ask you, is his – is the type of loss he suffered, would that be avoidable or compensable through postal registration and insurance? No, certainly not through any of those mechanisms, Your Honor. What he'd be limited to.   It doesn't have to be a type of loss. Doesn't that undercut your application of Dolan to this case? No, Your Honor. What those regulations provide for is certain areas where the postal service has provided for recovery, regardless of 2680B, for certain services. And this is the area where they operate more in the commercial world. That's what this appears to be to me, that they're operating in this commercial world that a lot of other businesses have found to be quite lucrative. And that's why we have so many of them in every corner. Well, for example, Your Honor, let's take the insurance context. That's a case where you're sending something that has some sort of value and you want to insure that. What about COD? The Court gives lots of examples, just registration, COD. Correct. And those are areas where under its regulations, the postal service does provide for recovery regardless of what 2680B is. But you pay extra for that. Correct. So you can sort of in advance contract your way out of that type of loss. But he couldn't have contracted his way out of this particular loss. No, Your Honor, and that's because the only loss that he would have suffered is the loss or failure to deliver his mail. In those other cases, you're insuring the value of, like, for example, in the insured context. But that's what you are insuring in the insurance contract. Well, in the insurance contract, Your Honor, but we're not we can insure the receipt of mail in the post office box where we can provide, and the regulations provide for this, an ability for him to get his $50 back. What neither postal regulations nor the FTCA provide is that he can recover consequential damages as a result of the fact that he didn't get his mail. And I think that holds whether he brings it or not. Well, so you seem to be acknowledging that he's got some kind of claim. Well, I don't know that I can acknowledge that because the only claim that plaintiff has brought here is a common law breach of contract claim. This Court made very clear in the Flamingo case before it went up to the Ninth Circuit, and this part of the opinion holds. It still looked to some sort of basis under which he could bring his contract action. And in that case, it looked at the Tucker Act. And the reason that the Tucker Act was allowed to apply there was that there was a sunset provision that has now since expired. So, and the same thing goes with the Wright case, with the Miller Act, and with a number of other cases the plaintiff has cited in support of his case. There still has to be some sort of, because the government remains a government entity, even though it does engage in these types of commercial enterprises, it still, at the end of the day, is a government entity. And the Court discussed that in detail in the Flamingo case. There are lots of cases, Your Honor, where the Postal Service would like to act more like a business. But because of its government status, and that includes the provision of post office boxes, if the Postal Service decided to get out of that business, it would have to go through a number of steps because it's a government entity. But none of that has been briefed before the district court, was it? Well, the issue of whether he has a cause of action is clearly briefed, yes. Well. Yes. But in terms of whether the regulations, the what you do, like that. Well, the regulations was also briefed, Your Honor, what the regulations do and don't provide. That certainly was briefed.  Thank you, Your Honor. Thank you. Can I respond briefly with regard to the Flamingo case? Yes, you have some time. You may use it as you wish. Your Honor, with regard to Flamingo and Currier, I do not believe that they are applicable at all. The reason being that the Flamingo case involved the Supreme Court stating and finding that an individual may not sue the United States government under the Sherman Antitrust Act. And the reason for that was based on the definition of the word person in the act. In the Currier case, the court found similarly that an individual may not sue the Postal Service for breach of its own regulations relating to providing free postal boxes to individuals. When we decided Flamingo Industries, we looked at the language of the sue and be sued clause under the Postal Reorganization Act and concluded erroneously, as the Supreme Court later decided, that Congress had basically set up this corporation and rendered it liable under the same circumstances as any other private business. And therefore, we said you could sue the post office not only for breach of contract, but also for antitrust violations. And the Supreme Court said, no, you have to remember that this is still a governmental entity. And so I come back to the question, and I'm looking at the language in Dolan, about whether Congress agreed to undertake financial responsibility for the consequences of not delivering the mail. And it looks to me, at page 488 of that opinion, that at 546 U.S., that there's a discussion of the fact that the draftsmen were careful to delineate limiting financial responsibility for the consequences of lost mail. Well, first you're out. So why isn't that exactly the same as the basis for which we got reversed in Flamingo Industries, that Congress never intended to make the post office liable for antitrust violations? Well, I think it is a big leap from non-liability for antitrust violations to non-liability for common law contract breaches. I guess it's not too surprising that the government would not be liable for antitrust. It is quite surprising that the government would not be liable for the breach of its contracts because the government is involved in contract litigation. But under your theory, any time the post office did not get the mail to a holder of a post office box, for whatever reason, it would be liable for the business losses that ensued from not getting the mail. I think the problem is putting the focus on delivery of the mail because the Postal Immunity Act and the cases do not say that the Postal Service is not liable for failing to deliver mail. It says, and Dolan repeats, that it is not liable for lost, stolen, or damaged mail. This mail was not lost. We have no allegation in our complaint that the mail did not get to the post office. The appellant did not receive it because of the failure to rent a space to him, a box, the failure to provide that box to him. Delivery is not the issue in this case. The issue is the failure to comply and follow through with the agreement to provide a place for the mail to be delivered. But if it doesn't get to the box, why shouldn't we call that misdelivery or failure to deliver? But you're alleging it got to the box, aren't you? I mean, it got to the place where it was supposed to be. It got to the room where the box was. We have no reason to believe that it didn't, and we make no allegation that it didn't. So you're willing to assume that it got to that room and the box was closed to it. We can imagine the process as being the mail comes to the post office. Someone has this mail. There is no box there to which it can be delivered, and something happens to it after that, and we haven't discovered what happens. Perhaps we will at some point. But you don't know what happened. But as far as the complaint is concerned, it got to right up to that box, and then the records said this box doesn't belong to this person. Exactly. The problem was not with the process of delivering and transmitting the mail. It was with the failure to provide that space. Mr. McGregor, what would your position be if a letter was sent to an address, let's say a residence, that exists, and the post office, as it sometimes does, inexplicably stamps it, Address E Unknown, and returns it to the sender? Would that be analogous to the failure to properly get it to the box, and would the post office then be liable for the fact that it didn't get there? If the postal service had not agreed separately to provide a place for the mail to be deposited for pickup by the customer, I think the postal immunity would apply to that. However, if it had separately contracted to provide a space for that mail, which, of course, is not part of the normal delivery process, then I believe it would be. How is that different from calling the post office to say, I've moved into 123 Main Street, and I'd like to have mail delivered there, and for months and years I get mail delivered there, and then one day a letter inexplicably doesn't get to me and it gets returned, stamped Address E Unknown, even though I'm still living at 123 Main Street? Because the customer does not have to pay extra for that service. That is a part of the normal mail transmission and delivery process of the postal service. Okay. Your Honor, the only thing I would say in response to counsel's comments, this case does not involve a contract to deliver mail. It involves a contract for a place for the mail to be delivered. The second point I would make is that counsel made the comment that this, that the facts of this case are related solely to mail services, and I think that's very revealing because in Dolan and Rayla and all the other postal immunity cases, the courts are very careful to point out that not everything that the postal service does is immune just because it is related to the delivery of mail. Everything the postal service does is in some way related to the delivery of mail, but not everything is immune. Only the actual process of transmitting the mail is immune. Thank you. Thank you. The matter just argued is submitted for decision. The next case, Guerrero v. Rice, the oral argument has been vacated, so we'll hear the last case for argument, which is United States v. Boyer and Smith.
judges: Schroeder, Wardlaw, Tallman